IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WAGIH HANNA and          :
BOTHINA HANNA,           :
      Plaintiffs,              :
                                :       FOREIGN JUDGMENT
     v.                        :       S12J-03-058
                                :
DIETER A. BAIER,          :
      Defendant.             :

## <u>ORDER</u>

Upon Defendant's Motion for Reargument. Denied.

Date Submitted: June 28, 2018
Date Decided: July 2, 2018

Andres Gutierrez de Cos, Esq., Andres de Cos LLC, 5211 Windmill Drive, Suite 36, Wilmington, DE 19808, Attorney for Plaintiffs

Daniel A. Griffith, Esq., Whiteford Taylor & Preston LLP, 405 North King Street, Suite 500, Wilmington, DE 19801, Attorney for Defendant

## I.      INTRODUCTION

On June 25, 2018, Defendant Dieter A. Baier ("Defendant") timely filed his Motion for Reargument concerning the Court's June 19, 2018 Order granting Plaintiff's Motion for Relief from Order. Defendant contends that the Court erred by failing to follow the previous decision rendered in this case on December 19, 2017, which held that the Court of Chancery had exclusive jurisdiction over the execution of charging orders. In Defendant's view, by ruling that the Court of Chancery and the Superior Court have concurrent jurisdiction, this Court improperly interpreted 6 *Del. C.* § 18-703 and rendered the statute meaningless. Additionally, Defendant cited various portions of the June 19th Order which he believes contain factual errors. On June 28, 2018,

Plaintiffs Waigh Hanna and Bothina Hanna ("Plaintiffs") filed their response to Defendant's Motion, which in large part pointed out that Defendant "has not shown that the Court overlooked or misapprehended any law or facts in this case to warrant reconsideration, reargument or reversal..."[1]

## II.    STANDARD OF REVIEW

The standard of review for a motion for reargument under Superior Court Rule of Civil Procedure 59(e) is well settled law.  Such a motion "will be denied unless the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2]  Furthermore, a motion for reargument is not intended to raise new arguments which could have been raised at an earlier point in the proceedings.[3]

## III.    DISCUSSION

Defendant has not shown that the Court overlooked controlling precedent.  On the contrary, the Court carefully considered the applicable cases and found that the *Bridev One* opinion was the better reasoned position.[4]  The idea that the June 19th Order rendered the statute at issue moot is not persuasive.  Additionally, Defendant has cited no legal precedent, other than the December 19, 2018 opinion, to convince the Court that the June 19th Order was in error.  He argues that the Court's decision was unprecedented.  In light of the Court's analysis of *Bridev One*, it finds this

---

[1] Pls.' Resp. Def.'s Mot. Reargument 3.

[2] *Board of Managers of the Delaware Criminal Justice Information System v. Gannett Co.,* 2003 WL 1579170, at *1 (Del. Super. Ct Jan. 17, 2003)(internal citations omitted).

[3] *Id.; Plummer v. Sherman,* 2004 WL 63414, at *2 (Del. Super. Ct. Jan. 14, 2004)(internal citations omitted).

[4] While the cases considered by the Court may have had a stronger focus on the issuance of a charging order rather than the execution of one, they are still informative on the issue at hand.

argument unpersuasive as well. Furthermore, the June 19th Order did not contain any factual errors that would have changed the outcome of the decision.

## IV. CONCLUSION

Considering the foregoing, the Court finds that no controlling precedent or legal principle has been overlooked and that there has been no misapprehension of the law or facts of this case. Therefore, Defendant's Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**

_____
Richard F. Stokes, Judge

cc: Prothonotary